[Crim. No. 1471. Third Appellate District.—December 31, 1935.]

THE PEOPLE, Respondent, v. ANTONIO DE SANTIS, Appellant.

Huston, Huston & Huston for Appellant.

U. S. Webb, Attorney-General, and Neal Chalmers, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—This is an appeal from a judgment of conviction for rape. The conviction was based upon an information charging the violation of section 261 of the Penal Code, the complaining witness being the sixteen year old daughter of appellant.

Appellant contends that the court erred in refusing to give three particular instructions and also erred in overruling objections to questions propounded a witness on cross-examination.

Upon direct examination, John Perry, a son-in-law of the accused, was asked as to visits by the accused and the complaining witness to the home of Perry from the latter part of June to the middle of July, 1935. He testified that appellant and his daughter, the complaining witness, were not in the habit of staying at the home of the witness in the evening, which tended to refute the testimony of the girl that her father would remain at the Perry home until dark before starting their return, and while on their way home after dark committed the acts of which she complained.

On cross-examination the district attorney attempted to impeach the witness by showing he was inspired by fear of the defendant. He was asked, "and didn't you tell us that if you told anything, and De Santis learned it that there was no telling what he might do to you"? The court overruled an objection on the ground it was not cross-examination, collateral or hearsay.

The particular question was not improper as it was an attempt to show the witness feared appellant and was offered to show this interest and fear. Appellant argues that certain other similar questions were improper but no objections were interposed to them before the trial court. However, even if it could be said the district attorney was in error, it cannot be said such errors would justify a reversal.

■ Defendant submitted and the court refused certain instructions directing the jury to examine with caution the testimony of the prosecuting witness in a case of this character when her testimony was not corroborated by other witnesses. The court did, however, give an instruction admonishing the jury to examine the testimony of the prosecuting witness with caution. The jury was also instructed in the usual language as to its province in determining the facts of the case, as to the weight of the evidence, the burden of proof and presumptions of innocence, so while the proffered instructions by the defendant were proper, appellant was not injured by the refusal to give the particular ones submitted, as the jury was fully instructed in the elements of the law involved in this case.

■ The court refused to give an instruction submitted by defendant as to the presumption of good character by the defendant in the traits involved in the crime charged, and proof offered as to his general reputation was to go only to his credibility as a witness and not otherwise. This instruction was properly refused as no evidence had been offered as to the general reputation of appellant. The court was not required to rewrite the instruction to fit the situation in the instant case. It was properly refused. The evidence discloses that appellant was fairly tried and properly convicted. Any other finding by the jury would have been a miscarriage of justice.

■ Defendant was convicted on three counts, each charging a specific act of rape, and the judgment of the court imposed prison terms in accordance with the verdicts of the jury, said terms to run consecutively. It is urged this sentence is excessive. There is nothing before us, however, to support such a contention.

The judgment and the order are hereby affirmed.

Plummer, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 30, 1936.